UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| IN RE: SHERMAN C. IMLER III and LISA R. IMLER, <br><br> Debtors/Appellants, <br><br> v. <br><br> MARSHA L. COMBS-SKINNER, <br> Chapter 13 Standing Trustee, <br><br> Appellee. | Case No. 11-CV-2117 |

## OPINION

This is an appeal from an Order entered by the United States Bankruptcy Court for the Central District of Illinois, in Bankruptcy Case No. 02-90582, brought pursuant to 28 U.S.C. § 158(a). Following this court's careful review, this court affirms the Order of the Bankruptcy Court.

FACTS

In 2001, the Debtors, Sherman C. Imler III and Lisa R. Imler, were sued by Central Mutual Insurance Company (Central Mutual) in this court in Case No. 01-CV-2013. The case was assigned to Senior United States District Judge Harold A. Baker. Central Mutual sought a declaratory judgment that, under the terms of the applicable insurance policy, the Debtors were entitled to repair of their roof, which had been damaged in a hail storm, rather than the replacement of their roof. On February 25, 2002, the Debtors filed for bankruptcy relief under Chapter 13 of Title 11 of the United States Code, in Bankruptcy Case No. 02-90582.

On February 21, 2003, judgment was entered in Case No. 01-CV-2013, in favor of the Debtors in the amount of $137,517.00. No appeal was filed. On September 23, 2003, a hearing was held before United States Bankruptcy Judge Gerald D. Fines. At the hearing, Judge Fines ordered

the Debtors to sign two checks issued in complete payment of the $137,517.00 judgment. One of the checks was turned over to Charles C. Hall, who originally represented the Debtors in the case before Judge Baker, for payment of his attorney's fees. The other check was turned over to Bill T. Walker, who also represented the Debtors in the case before Judge Baker, for disbursement. According to the Debtors, a significant portion of the judgment amount was disbursed to Walker and other professionals involved in that case. However, the Debtors' did not appeal Judge Fines' order requiring them to sign the checks.

The Debtors later filed an objection to an application for additional compensation filed by Richard F. Kurth, who was their attorney in the bankruptcy proceedings. On February 3, 2005, United States Bankruptcy Judge Gerald D. Fines entered an Opinion and did not allow the additional compensation requested by Kurth. Judge Fines also stated:

> [I]n essence, the Debtors wish to have this court find that Attorney Kurth was guilty of malpractice in his representation of them in the instant Chapter 13 proceeding. In considering this request, the Court finds that the Debtors have not properly plead a malpractice action against Attorney Kurth, and that such matter would more properly be raised in a State Court proceeding. Furthermore, this Court finds that the Debtors' desire to have this Court revisit rulings and orders issued by the United States District Court for the Central District of Illinois is without merit and beyond the scope of authority of this Court.

On March 28, 2005, the Debtors filed a pro se Complaint on their own behalf, on behalf of their business, Grant Manor, and on behalf of their minor children, against various defendants,

including Central Mutual, in the circuit court of Vermilion County. The Debtors sought damages based upon claimed violations of the Illinois Consumer Fraud and Deceptive Business Practices and Uniform Deceptive Trade Practices Act and based upon allegations of negligence. In their lengthy pro se Complaint, the Debtors discussed Hall and Walker, the attorneys who represented them in the 2001 action in federal court, and complained about the representation provided by these attorneys. The Debtors also mentioned that Kurth represented them in their bankruptcy proceeding. However, the Complaint did not include a legal malpractice claim against Hall, Walker or Kurth. On April 27, 2005, Central Mutual removed the case to this court in Case No. 05-CV-2101. The case was assigned to Judge Baker. On September 26, 2005, Judge Baker entered an Order and remanded the case back to the circuit court of Vermilion County.

On February 21, 2006, the Debtors received a discharge of their obligations and, on March 9, 2006, the bankruptcy case was closed. After the bankruptcy case was closed, James R. Geekie retired from his position as Chapter 13 Standing Trustee for the Bankruptcy Court, Central District of Illinois, Danville Division. He was replaced by Appellee, Marsha L. Combs-Skinner, as Chapter 13 Standing Trustee.

On November 17, 2010, the Debtors filed a pro se Motion to Reopen Chapter 13 Case based on newly discovered evidence. The Debtors also filed a Memorandum of Law in Support. The Memorandum is poorly written and confusing and seems to claim that the Debtors recently became aware that the attorneys who represented them in the civil proceedings before Judge Baker and in the bankruptcy proceeding committed fraud. The Debtors provided a recitation of facts beginning with the filing of Case No. 01-CV-2013 in 2001. The Debtors set out, at length, their dissatisfaction with their attorneys and the court proceedings. The Debtors stated that they were unsuccessful in

their state court proceedings because the court determined that the claims should have been raised in the district court. The Debtors stated that the state court case was ultimately concluded on July 28, 2008, when the United States Supreme Court denied "rehearing on Certiorari." Conspicuously absent in the Debtors' recitation of facts were any facts which could be considered "newly discovered." The Debtors sought, among other things, the disgorgement of $70,000 in fees paid to their attorneys and other professionals as part of the bankruptcy proceedings. The Debtors attached numerous documents to the Motion, in no apparent logical order, which date from 1999.

Skinner filed a response to the Motion to Reopen in her capacity as Chapter 13 Standing Trustee. She also filed a Memorandum of Law in Support. Skinner noted that the majority of the facts alleged in the Motion and Memorandum were known to the Debtors prior to February 2006 when they received their discharge. Skinner argued that "the Debtors have had many opportunities to have their day in court." She asked the bankruptcy court to deny the Debtors' Motion and allow the case to remain closed as there was no evidence that would be presented that could not, through reasonably diligent inquiry, have been presented to the court prior to the discharge order.

On January 24, 2011, Judge Fines entered an Opinion. Judge Fines noted that the issues presently before him had their inception in 2001 with the lawsuit involving the Debtors and Central Mutual. Judge Fines stated that "[t]hroughout the pendency of the Debtors' Chapter 13 bankruptcy, the Debtors filed numerous objections to applications for compensation by attorneys that were involved in the District Court case." Judge Fines stated that he "entered orders on all of the applications for compensation which the Debtors had objected to, and none of those orders saw requests for reconsideration or appeals." Judge Fines rejected the Debtors' claim that they had newly discovered evidence of fraud, noting that allegations of fraud were "raised at numerous

4

hearings before this Court."

    Judge Fines stated that the standard for allowing a motion to reopen a bankruptcy proceeding was set out in Redmond v. Fifth Third Bank, 624 F.3d 793 (7th Cir. 2010). The Seventh Circuit stated that a Bankruptcy Judge may consider a number of non-exclusive factors in determining whether to reopen a bankruptcy proceeding, including: (1) the length of time that the case has been closed; (2) whether the debtor would be entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the claims. Redmond, 624 F.3d at 798. Judge Fines found the Debtors' nearly five-year delay in filing their Motion to Reopen, in itself, a sufficient basis to deny the Motion. Judge Fines also stated:

> As for Debtors' contention that the issues raised in their Motion to Reopen Bankruptcy represent newly discovered evidence, the Court finds that these issues have been or could have been raised in numerous proceedings before this Court during the Debtors' Chapter 13 bankruptcy proceeding and in the Debtors' State Court action filed on March 25, 2005. The issues raised by the Debtors could have been litigated in this Court through an adversary proceeding, and the Federal Rules of Bankruptcy Procedure would have allowed for discovery which would have provided the information which the Debtors claim was unavailable. The fact that the Debtors were unsuccessful in their State Court litigation does not give rise to a basis to allow the Debtors to reopen their bankruptcy case and relitigate issues which should have been considered nearly

5

five years ago.

Judge Fines concluded that, after considering all of the factors set out in Redmond, the Debtors' Motion to Reopen should be denied. Judge Fines therefore entered an Order denying the Motion.

On February 3, 2011, the Debtors filed a pro se Motion for Reconsideration, with attached exhibits. The Debtors stated that they sought to reopen the case "for the purpose of seeking reconsideration of an order allowing certain sums against the estate, a matter involving an award of fees to professionals." The Debtors argued that two facts were not available to them at the time they completed their bankruptcy obligations in 2006: the August 2010 finding of an Administrative Law Judge that Debtor Sherman Imler (Sherman) is entitled to social security disability benefits; and the July 28, 2008, order terminating their state court case.

On March 24, 2011, Judge Fines entered an Order and stated that he had "thoroughly reviewed the record of the Debtors' bankruptcy proceeding, and finds that the ruling made on January 24, 2011, denying the Debtors' Motion to Reopen Bankruptcy was accurate both on the facts and on the law." Judge Fines noted that a hearing was held on March 22, 2011, and "the Debtors presented no new facts or argument upon which the relief they requested can be granted."

The Debtors filed a timely Notice of Appeal to this court.

ANALYSIS

I. STANDARD OF REVIEW

"The decision to reopen a bankruptcy case is within the broad discretion of the bankruptcy court." Redmond, 624 F.3d at 798. The bankruptcy court's order is entitled to deference and "the denial of a motion to reopen a closed bankruptcy case is reviewed for abuse of discretion." See Redmond, 624 F.3d at 798.

6

## II. MOTION TO REOPEN

In their pro se Brief, the Debtors stated that the issue raised is whether the Bankruptcy Court abused its discretion in denying their motion to reopen their chapter 13 case to allow new evidence to be introduced and reviewed. A bankruptcy case may be reopened for "the correction of errors, amendments necessitated by unanticipated events that frustrate a plan's implementation, and the need to enforce the plan and discharge." Redmond, 624 F.3d at 798, quoting In re Zurn, 290 F.3d 861, 864 (7th Cir. 2002).

The Debtors' pro se Brief is not clearly written and includes many pages setting out statutes and case law with no explanation regarding how the citations have any bearing on their situation. Based upon the Brief, however, it is clear that the relief the Debtors are seeking is the reduction of the fees awarded by the Bankruptcy Court to their attorneys and other professionals. As Judge Fines noted, the issue of compensation for the Debtors' attorneys was raised during the bankruptcy proceedings. The Debtors challenged the fees sought by their attorneys and Judge Fines made his rulings, which were not appealed. The only "newly discovered evidence" the Debtors mentioned in their pro se Appellate Brief as a basis for reopening these issues is the August 27, 2010 ruling of an Administrative Law Judge (ALJ) granting Social Security disability benefits to Sherman, with an onset date of February 28, 2002. The ALJ's ruling stated that Sherman applied for disability benefits on April 26, 2004. The ALJ found that Sherman was entitled to disability benefits because the evidence shows that he suffers from respiratory problems caused by mold infection, chronic fatigue syndrome, and degenerative disc disease. There was no finding that Sherman was mentally disabled.

This evidence shows that Sherman applied for disability benefits in 2004. Therefore, he

7

knew he was disabled during the pendency of the bankruptcy proceedings. This court concludes that the fact that Sherman has recently been found entitled to disability benefits has no conceivable bearing on the award of attorneys' fees to the Debtors' attorneys many, many years ago, prior to the closing of the bankruptcy case on March 9, 2006. The Debtors' arguments on appeal show that their actual complaints about the attorneys' fees awarded relate to complaints they had regarding their attorneys during the pendency of the proceedings, which either were or could have been raised during the pendency of the bankruptcy case.

There is absolutely no basis for reopening the bankruptcy proceedings in this case. Therefore, Judge Fines clearly did not abuse his discretion when he denied the Debtors' Motion to Reopen.

IT IS THEREFORE ORDERED THAT:

(1) The Order of the Bankruptcy Court entered on January 24, 2011, which denied the Debtors' Motion to Reopen, is affirmed.

(2) This case is terminated.

ENTERED this 23rd day of August, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE